**In re Ronnie THAXTON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 09–BG–789.

District of Columbia Court of Appeals.

Sept. 10, 2009.

Before BLACKBURNE–RIGSBY and THOMPSON, Associate Judges, and FARRELL, Senior Judge.

This decision is issued as non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) governing the appropriate citation of this opinion.

PER CURIAM:

Respondent Ronnie Thaxton, a member of the bar of this court, has admitted to the negligent misappropriation of settlement funds in one case and interfering with the administration of justice in another. Respondent admits that in his representation of Ms. Terri Roberts, he (1) did not notify his client when a settlement was offered or secure her consent to accept the settlement offer; (2) failed to notify his client when the settlement funds had been received and deposited into his trust account; (3) failed to timely pay Doctor Ashkan Aazmi's fee, which he was entitled to receive from the settlement for healthcare services rendered; and (4) withdrew $5,000 as his attorney's fees from his trust account immediately upon depositing them in 2006 without notifying his client that he did so. In his representation of Ms. Janice Arkue, Respondent admits that he interfered with the administration of justice when he failed to appear at a status hearing and a show cause hearing, resulting in the dismissal of Ms. Arkue's civil action for want of prosecution.[1]

Respondent made the aforementioned admissions voluntarily, with the advice of counsel in connection with a petition for negotiated discipline, and supporting affidavit that was prepared by Bar Counsel and jointly filed on April 30, 2009.[2] The Board on Professional Responsibility referred the petition to Hearing Committee Number Four, and following a hearing on May 29, 2009, where Respondent (1) reaffirmed his admission to all of the factual allegations in the petition; (2) acknowledged that each constituted a violation of the Rules of Professional Conduct; (3) stated that he understood the ramifications of the proposed sanction; and (4) confirmed that he was entering into the disposition freely and voluntarily, and not as the result of any coercion or duress,[3] the Committee issued the report now before this court that recommends the negotiated sanction be imposed.[4]

We have the report and recommendation in accordance with our procedures in uncontested disciplinary cases,[5] and here-

---

1. Respondent admittedly violated the following rules of professional conduct: R. 1.2(a), 1.4(a)-(c), 1.5(c), 1.15(a)-(c), 8.4(d).

2. *See* D.C. Bar R. XI, § 12.1(b) (2008 Supp.); Bd. Prof. Resp. R. 17.3.

3. *Id.* R. 17.5; D.C. Bar R. XI, § 12.1(c) (2008 Supp.).

4. Bd. Prof. Resp. R. 17.6.

5. D.C. Bar R. XI, § 12.1(d) (2008 Supp.); *see also In re Outlaw*, 917 A.2d 684 (D.C.2007) (per curiam) (60–day suspension for, *inter alia*, lack of communication with client, neglect of client's case resulting in the running of the statute of limitations and dishonesty); *In re Midlen*, 885 A.2d 1280 (D.C.2005) (attorney suspended for 18 months for negligent misappropriation in violating Rules 1.15(a) and (c) and also engaging in dishonesty); *In*

by accept the Hearing Committee's Report and Recommendation approving the petition for negotiated discipline. Accordingly, it is,

**ORDERED** that Ronnie Thaxton is hereby suspended from the practice of law in the District of Columbia for the period of one year with six months stayed, followed by a three year probationary period to include participation in the District of Columbia Bar's Practice Management Advisory Service. The conditions of Respondent's probation are as outlined by the Hearing Committee's Report and Recommendation: if a new complaint is filed against Respondent within one year of the date of the beginning of the period of suspension, and such complaint results in a finding that Respondent violated the Rules of Professional Conduct, Respondent will be required to serve the remaining six months of the suspension consecutively with whatever other sanction may be imposed on him in the new matter or matters. Further, Respondent must return Ms. Robert's attorney's fees with interest and remit interest on money he has already delivered to her, prior to the expiration of the three-year probationary period. Finally, for the purpose of seeking reinstatement to the Bar, Respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g) (2001 & 2008 Supp.).

*So ordered.*

re *Anderson,* 778 A.2d 330 (D.C.2001) (six-month suspension for negligent misappropriation); *In re Evans,* 578 A.2d 1141 (D.C.1990) (same); *In re Haar,* 698 A.2d 412 (D.C.1997) (30-day suspension for negligent misappropriation).